UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

*In re*

SONA MOBILE HOLDINGS CORP.,

                      Debtor.

---------------------------------------------------------X

TIMOTHY S. CORY; WILLIAM A. LEONARD; and LENARD E. SCHWARTZER,

                      Plaintiffs,

vs.

eBET LIMITED and eBET SERVICES PTY, LTD.

                      Defendants.

Case No.: 1:13-cv-04702-LTS-DCF

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EBET LIMITED AND EBET SERVICES PTY, LTD.'S PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**GORDON & REES LLP**
**90 BROAD STREET**
**NEW YORK, NEW YORK 10004**
**(212) 269-5500**

*Attorneys for Defendants eBet Limited and eBet Services Pty, Ltd.*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 3 |
| I. STANDARD OF REVIEW | 3 |
| II. PLAINTIFFS' CLAIM FOR BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING ALLEGES THE SAME CONDUCT AS THE BREACH OF CONTRACT CLAIM AND THUS MUST BE DISMISSED AS DUPLICATIVE | 4 |
| III. AS A MATTER OF LAW PLAINTIFFS ARE NOT ENTITLED TO ANY REIMBURSEMENTS OR 'CHARGEBACK COSTS' PURSUANT TO THE MSA | 7 |
| IV. SONA INNOVATIONS AND SONA MOBILE ARE NOT PARTIES TO THE MSA AND THEREFORE MUST BE DISMISSED FROM THE ACTION | 10 |
| CONCLUSION | 12 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc.*
2009 U.S. Dist. LEXIS 130133 (S.D.N.Y. 2009) ...................................................................5

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009) ...........................................................................................................3

*Canstar v. Jones Constr. Co.*
212 A.D.2d 452 (1995)...........................................................................................................4

*Capital Nat. Bank of New York v. McDonald's Corp.*
625 F. Supp. 874 (S.D.N.Y. 1986) .......................................................................................11

*Clalit Health Servs. v. Isr. Humanitarian Found.*
2003 U.S. Dist. LEXIS 17254 (S.D.N.Y. 2003) ..................................................................11

*Corazzini v. Litton Loan Servicing LLP*
2010 U.S. Dist. LEXIS 27398 (N.D.N.Y. 2010)............................................................5, 6, 7

*Crane Co. v. Coltec Inds., Inc.*
171 F.3d 733 (2d Cir. 1999) ...................................................................................................7

*Dagen v. CFC Group Holdings*
2002 U.S. Dist. LEXIS 25767 (S.D.N.Y. 2002) ....................................................................3

*Dellatte v. Great Neck Union Free Sch. Dist.*
2012 U.S. App. LEXIS 1139 (2d Cir. 2012) .....................................................................3, 4

*Deutsche Bank Sec., Inc. v. Rhodes*
578 F. Supp.2d 652 (S.D.N.Y. 2008) ....................................................................................5

*Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*
2007 U.S. Dist. LEXIS 11346 (S.D.N.Y. 2007) ..................................................................11

*Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*
627 F. Supp. 1202 (S.D.N.Y. 1986), *aff'd*, 814 F.2d 90 (2d Cir. 1987) ..........................10, 12

*Forex Transactions Litig. v. Bank of N.Y. (In re Bank of N.Y. Mellon Corp.)*
921 F. Supp. 2d 56 (S.D.N.Y. 2013) .....................................................................................6

*Hawthorne Group, LLC v. RRE Ventures*
7 A.D.3d 320 (1st Dept. 2004)...............................................................................................4

*In re Delta Air Lines, Inc.*
381 B.R. 57 (Bankr. S.D.N.Y. 2008) .....................................................................................8

*L-7 Designs, Inc. v. Old Navy, LLC*
647 F.3d 419 (2d. Cir. 2011)..................................................................................................4

## TABLE OF AUTHORITIES

Page(s)

*Luitpold Pharms., Inc. v. Ed. Geistlich Söhne A.G. Für Chemische Indus.*
    2012 U.S. Dist. LEXIS 55041 (S.D.N.Y. 2013) .................................................................. 7

*Monahan v. Pena*
    2009 U.S. Dist. LEXIS 73131 (E.D.N.Y. 2009) ............................................................... 10

*Prudential Ins. Co. of Am. v. Hildton Hotels Corp.*
    1996 U.S. Dist. LEXIS 8499 (S.D.N.Y. 1996) ................................................................. 11

*T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*
    2010 U.S. Dist. LEXIS 109471 (E.D.N.Y. 2010) .............................................................. 3

*W.W.W. Assocs., Inc. v. Giancontieri*
    565 N.Y.S.2d 440 (N.Y. 1990) ........................................................................................ 8

*Wein v. Fensterstock*
    2004 U.S. Dist. LEXIS 21770 (S.D.N.Y. 2004) .............................................................. 10

**Rules**

Federal Rule of Civil Procedure,
    Section 12 ..................................................................................................................... 1, 3

## PRELIMINARY STATEMENT

Defendants eBet Limited and eBet Services Pty, Ltd. ( "eBet" or "Defendants") submit this memorandum of law in support of their motion to dismiss the revised second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Sona Mobile Holdings Corp. ("Sona Holdings"), Sona Innovations, Inc. ("Sona Innovations"), and Sona Mobile, Inc. ("Sona Mobile") (collectively "Plaintiffs") assert two causes of action against eBet: breach of contract and breach of the implied duty of good faith and fair dealing. But in their misplaced exuberance, Plaintiffs fail to state any cognizable cause of action under either claim, barring one narrow exception, and as to Sona Holdings only.

First, the claim for breach of the covenant of good faith and fair dealing must be dismissed in its entirety, as to all three Plaintiffs, because in the revised second amended complaint, that claim does nothing more than improperly re-state the allegations contained in the breach of contract claim, thus failing to state an independent cause of action. Second, claims in both causes of action for expenses[1], re-imbursements or employee compensation obligations are entirely unfounded and fail as a matter of law, rendering them ripe for immediate dismissal. Third and finally, as to Sona Innovations and Sona Mobile, both causes of action must be dismissed in their entirety, with prejudice, because neither is a party to the underlying Master Services Agreement ("MSA") between Sona Holdings and eBet. Accordingly, the Court should grant eBet's motion for partial dismissal, with prejudice.

## STATEMENT OF FACTS

According to the allegations in the revised second amended complaint, Sona Holdings was experiencing significant financial difficulties in 2007 and 2008. In an attempt to address

---

[1] With the narrow possible exception of Equipment Lease Reimbursements, the only reimbursement or chargeback provision to be found in the MSA, for which the eBet Defendants expressly deny liability, but as to which sufficiency of pleading is not contested.

these troubles, on or about August 25, 2008, eBet and Sona Holdings entered into the MSA. Sona Mobile and Sona Innovations were and are not parties to the MSA. A copy of the MSA is attached as Exhibit A to the revised second amended complaint (Dkt. 69) (incorrectly identified by Plaintiffs as Exhibit B in the revised second amended complaint). eBet performed its obligations after August 25, 2008, by "…providing instruction, comment, and direction to Sona Holdings…" for which Sona Holdings claims it incurred costs. Revised Second Amended Complaint, ¶¶ 35, 37. The revised second amended complaint further states that eBet and Sona Holdings agreed eBet would reimburse Sona Holdings "for its costs incurred under the MSA (the **"Chargeback Costs"**)." (Emphasis in original.) Revised Second Amended Complaint, ¶ 26. Specifically, the revised second amended complaint alleges equipment lease, moving and storage costs, citing Article 10.1 of the MSA, the Equipment Lease Reimbursement provision. Revised Second Amended Complaint, ¶¶ 44-46. Notably, that is the only specific allegation in the revised second amended complaint in respect of any chargeback or reimbursement obligations arising out of the MSA, for the simple reason that no other such obligations exist within the terms of the MSA.

The revised second amended complaint also states that Sona Holdings expected that eBet would employ "most of Sona Mobile and Sona Innovations' technical staff – including certain Canadian technical developers – and to provide the services provided by the staff to Sona, as provided in the MSA." Revised Second Amended Complaint, ¶ 39 (no citation to the MSA provided). It is further alleged that eBet did not transition Sona employees to eBet and as a result Sona incurred costs for its continued employment and compensation of employees. Revised Second Amended Complaint, ¶¶ 39-41. Although in one instance Plaintiffs provide citations to the MSA, in paragraph 39, even a cursory review of same reveals that the cited

sections have no connection with, or relevance to allegations regarding employment or transition of Sona staff. Likely this is because no such obligation exists under the MSA's terms. Indeed, Plaintiffs admit, "[u]nder the MSA, **eBet was not obligated** to employ Sona Mobile and Sona Innovations technical staff." Revised Second Amended Complaint, ¶ 39 (emphasis added). Plaintiffs go on to allege that eBet, as was its acknowledged right, did not hire Sona Mobile and Sona Innovations employees, but "instead, agreed to compensate Sona for its employee and personnel costs..." without any citation to the MSA, any support for the existence of such an agreement, or any other information whatsoever beyond the conclusory allegation.

Finally, Plaintiffs seek exactly the same damages, "not less than $400,000.00", in both the breach of contract and breach of the implied duty of good faith and fair dealing causes of action. However, no basis or derivation for that identical figure is suggested, much less a necessary differentiation between the two ostensible claims.

## ARGUMENT

### I. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 109471, *10 (E.D.N.Y. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). The plausibility standard does not ask whether there is a probability that the claim has merit, but "asks for more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, ... [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Dellatte v. Great Neck Union Free Sch. Dist.*, 2012 U.S. App. LEXIS 1139, *2 (2d Cir. 2012); see also *Dagen v. CFC Group Holdings*, 2002 U.S. Dist. LEXIS 25767 (S.D.N.Y. 2002).

To determine whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d. Cir. 2011) (citation omitted). In that regard, plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *Id.*

As discussed below, Plaintiffs fail to set forth allegations that give rise to a plausible breach of implied duty of good faith and fair dealing or a claim for breach of contract. As the Second Circuit said in *Dellatte*, above, a complaint full of naked assertions and devoid of factual enhancement, such as the one at issue here, does not suffice. *Dellatte v. Great Neck Union Free Sch. Dist.*, *2. Sona Innovations and Sona Mobile must be dismissed from the action, as must all claims other than the narrow issue of equipment lease reimbursements.

## II. PLAINTIFFS' CLAIM FOR BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING ALLEGES THE SAME CONDUCT AS THE BREACH OF CONTRACT CLAIM AND THUS MUST BE DISMISSED AS DUPLICATIVE

Plaintiffs purport to assert a separate cause of action for breach of the implied duty of good faith and fair dealing, but instead only improperly re-allege the same conduct as their breach of contract claim, and therefore it must be dismissed. "A cause of action for breach of the implied duty of good faith and fair dealing cannot be maintained where the alleged breach is 'intrinsically tied to the damages allegedly resulting from a breach of the contract.'" *Hawthorne Group, LLC v. RRE Ventures*, 7 A.D.3d 320 (1st Dept. 2004) (citing *Canstar v. Jones Constr. Co.*, 212 A.D.2d 452, 453 (1995)). As a sister Court has said, "a valid claim for breach of good faith and fair dealing cannot simply restate a breach of contract claim, naming as elements the same act of alleged contractual breach by Defendants **and same damages arising from that**

*breach.*" *Corazzini v. Litton Loan Servicing LLP*, 2010 U.S. Dist. LEXIS 27398 (N.D.N.Y. 2010) (emphasis added).

And so, "[w]here the alleged breach is predicated on the same conduct that constitutes a breach of the express terms of a contract, a claim based on the implied covenant is duplicative of a breach of contract claim and should be dismissed." *Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc.*, 2009 U.S. Dist. LEXIS 130133, *54 (S.D.N.Y. 2009) (internal citations omitted). "'This is because, under New York law, a breach of the implied duty of good faith is considered a breach of the underlying contract[]' and, accordingly, the breach of good faith claim is sustainable only if it is based on allegations different from those underlying the accompanying breach of contract claim." *Id.*, (quoting *Deutsche Bank Sec., Inc. v. Rhodes*, 578 F. Supp.2d 652, 664 (S.D.N.Y. 2008)).

Here, the revised second amended complaint is a textbook example of such duplicative pleading. The Court need go no further than the damages allegations, which are identical at not less than $400,000.00, exactly. Somehow, inexplicably, these two ostensibly different causes of action resulted in exactly the same amount of damages, and a nice round number at that. The only explanation is there was no mistake, the two claims are in fact one. Moreover, the allegations themselves are virtually identical. Both state in almost *verbatim* language that Plaintiffs seek reimbursement for various costs. The claims are essentially the same, the damages alleged are identical, and thus the second cause of action must be dismissed in its entirety.

Indeed, the only difference between the two causes of action appears in paragraph 65 where Plaintiffs allege eBet breached an implied duty by failing to hire Plaintiffs' technical employees and thus assumed responsibility for their compensation. This is a classic red herring.

As discussed more fully below, the Defendants were under no obligation to hire Plaintiffs' employees. But, critically important here, this issue is directly addressed by the MSA and is not a separate, implied obligation. Section 8.1 of the MSA reads:

> Within 30 days after the Closing Date, the eBet Group shall have the right (but not the obligation) to offer employment as eBet Group employees (or as employees of eBet Online Inc. of Canada) to the software engineers, developers, and technical staff of Sona ("Sona Technical Staff") on terms and conditions reasonably comparable to those in effect on the Closing Date. The determination of which specific Sona Technical Staff to whom the eBet Group or eBet Online Inc. will offer employment pursuant to this clause 8.1 will be at the sole and absolute discretion of the eBet Group. Sona's responsibility for the salary and benefits of the Sona Technical Staff employed by the eBet Group or eBet Online Inc. shall cease upon their respective dates of employment. Subject to clause 6.1, Sona shall have no responsibility for any on-going costs associated with the employment of the Sona Technical Staff, including relocation costs, if any.

The parties purposely and specifically addressed the issue of hiring Plaintiffs' employees and provided clear, unambiguous terms outlining responsibilities and discretion. There is nothing "implied" about eBet's obligations – or lack thereof – but instead they are expressly delineated. Plaintiffs cannot on the one hand bargain for and execute a binding agreement (the validity of which they seek to enforce through the instant lawsuit) that contains a detailed provision for hiring their employees, and on the other hand say that when Defendants did exactly as permitted under that agreement, they breached an implied duty. Any such argument is misguided and fundamentally unfair. *See, Forex Transactions Litig. v. Bank of N.Y. (In re Bank of N.Y. Mellon Corp.)*, 921 F. Supp. 2d 56, 79 (S.D.N.Y. 2013) ("'Implied duties cannot trump the express provisions in the contract.' Accordingly, 'implied covenants and any express terms of a contract are necessarily mutually exclusive – one can invoke 'implied' terms only where there are no express terms in the contract relating to the particular issue.'") (Citations omitted.)

The *Corazzini* Court dealt with a similar matter. *Corazzini*, 2010 U.S. Dist. LEXIS *2-3. There, the plaintiff entered into a mortgage and note with defendants. After non-payment,

defendants imposed fees and charges which plaintiff claimed were excessive. Plaintiff sued for breach of the implied duty of good faith and fair dealing, as well as many other causes of action, and on behalf of a purported class. Defendants moved for failure to state a claim. The Court dismissed the breach of an implied duty claim, stating: "Plaintiff makes no allegations that could give rise to a claim for breach of the implied covenant of good faith and fair dealing inherent in Plaintiff's contractual relationship with Defendants; Count VIII only repeats the allegations that comprise Plaintiff's breach of contract claim, and those allegations consist of Defendants' non-compliance with a term of their contract." *Id.* \*19.

The revised second amended complaint here is in the same vein as that in *Corazzini*, and the Court should follow suit, not to mix metaphors. Plaintiffs are attempting to bootstrap an extra cause of action where none exists, and the Court should dismiss it.

### III. AS A MATTER OF LAW PLAINTIFFS ARE NOT ENTITLED TO ANY REIMBURSEMENTS OR 'CHARGEBACK COSTS' PURSUANT TO THE MSA[2]

The plain language of the MSA is clear and unambiguous: Plaintiffs are entitled to none of the random reimbursements, chargebacks or employee costs they claim, other than potentially the equipment lease reimbursements. The revised second amended complaint is deliberately amorphous when it comes to the demand for these reimbursements and chargebacks, almost certainly because Plaintiffs are aware it is a specious claim which cannot survive scrutiny. Well settled, black letter law dictates that "courts should construe contracts according to the unambiguous terms. The parties' intent is derived 'from the plain meaning of the language employed in the agreements', when the agreements are 'read as a whole.'" *Luitpold Pharms., Inc. v. Ed. Geistlich Söhne A.G. Für Chemische Indus.*, 2012 U.S. Dist. LEXIS 55041, \*20-22 (S.D.N.Y. 2013) (quoting *Crane Co. v. Coltec Inds., Inc.*, 171 F.3d 733, 737 (2d Cir. 1999);

---

[2] With the possible narrow exception of equipment lease reimbursements, as noted above and below.

-7-

*W.W.W. Assocs., Inc. v. Giancontieri*, 565 N.Y.S.2d 440, 443 (N.Y. 1990). Moreover, the "Court must take the parties' contract as it is written and construe the words used by the parties in accordance with their common and usual meaning and usage." *In re Delta Air Lines, Inc.*, 381 B.R. 57, 64 (Bankr. S.D.N.Y. 2008).

The contract before the Court is clear in its description of costs and reimbursements, and indeed all payments to be made by the parties. Plaintiffs' failure to cite specific provisions from the MSA, other than the Equipment Lease Reimbursement section, is tantamount to admission that their demands are meritless and without support.

For example, paragraph 23 of the revised second amended complaint states that the parties entered into the MSA and under it eBet would provide services and Sona Holdings would pay for those services. But only three paragraphs later Plaintiffs have suddenly abandoned mention of or reference to any precise language in the MSA. Paragraph 26 reads, "eBet agreed to reimburse Sona Holdings for its costs incurred under the MSA (the "**Chargeback Costs**")." With the exception of referencing the same MSA provision regarding leased equipment, no other provision is mentioned, no statement that "under the MSA" or "pursuant to the MSA" would such charges be paid. Plaintiffs appear simply to have conjured this entitlement out of thin air.

However, when Plaintiffs arrive at their claim for equipment lease costs (which costs Defendants affirmatively deny), there they drafted their allegations with a greater degree of specificity, referencing article 10 of the MSA. Plaintiffs are quite clear when they want to be, but when they know their claims are baseless, they write with improperly vague and conclusory allegations, and as such those claims must be dismissed.

Finally, in respect of employee costs, again the revised second amended complaint is unmoored from the MSA, and Plaintiffs state they "…expected eBet to employ most of Sona

Mobile and Sona Innovations' technical staff..." Revised Second Amended Complaint, ¶ 39. More, they claim that eBet later "...agreed to compensate Sona for its employee and personnel costs relating to software development and maintenance, including the costs of employing the Canadian technical developers." *Id.* at 41. Both that expectation, and that purported agreement, are unwarranted, expressly refuted by the contract, and fail for three separate and independently sufficient reasons.

First, the contract memorializes eBet's payment obligations to Sona Holdings in no uncertain terms. Section 18.4 of the MSA reads:

> Sona acknowledges and confirms that there is no agreement, arrangement or understanding in place for eBet (or any member of the eBet group of companies) to provide additional funds to Sona (or any member of the Sona group of companies) beyond what is specifically provided in clauses 10 and 17 of this Agreement...

Clause 10 is the Equipment Lease Reimbursement, which is the one and only claim carved out from this motion. Clause 17 is entitled "Indemnities and Limitation of Liability" and is neither invoked by nor relevant to any of Plaintiffs' claims, but rather reflects the parties' agreements regarding insurance, property damage, personal injury, etc. And that's it. By the express terms of the MSA, Sona Holdings (and all other Sona entities, including Sona Mobile and Sona Innovations) are entitled to absolutely nothing else. Plaintiffs' exhortations and conclusory demands notwithstanding, they are entitled to nothing more.

Second, in respect of employee hiring and compensation costs, as noted above, the MSA expressly addresses the matter and gives eBet full control. Section 8.1 of the MSA states that the Defendants

> shall have the right (***but not the obligation***) to offer employment as eBet Group employees (or as employees of eBet Online Inc. of Canada) to the software engineers, developers, and technical staff of Sona ... The determination of which specific Sona Technical Staff to whom the eBet Group or eBet Online Inc. will

offer employment pursuant to this clause 8.1 will be *at the sole and absolute discretion* of the eBet Group. (Emphasis added.)

These terms are the very definition of unambiguous, plain and simple. Defendants were under no obligation whatsoever to employ even one Sona Holdings employee, and the choice whether to do so was entirely, 100%, within eBet's discretion and control. It defies reason to think Plaintiffs believe they have a viable claim, and as the revised second amended complaint makes no mention of any provision in the MSA to the contrary, their allegations cannot be sustained.

Third and finally, even if Plaintiffs had specifically alleged some other agreement – which they do not – it would be in vain as the MSA contains an integration clause. Section 26.1 states: "Save as expressly provided in this Agreement, no amendment or variation [sic] it is effective unless in writing and signed by a duly authorized representative of the Parties." No such amendment or variation has been executed nor do Plaintiffs suggest otherwise. In short, Plaintiffs are making wishes and those wishes should not, cannot, be fulfilled. Accordingly, any and all claims for such costs and reimbursements, except for those specifically related to section 10.1 of the MSA, Equipment Lease Reimbursements, must be dismissed.

### IV. SONA INNOVATIONS AND SONA MOBILE ARE NOT PARTIES TO THE MSA AND THEREFORE MUST BE DISMISSED FROM THE ACTION

Defendants must be granted dismissal against Sona Innovations and Sona Mobile for the basic and fundamental reason that they are not parties to the MSA. This is a "threshold matter." *Monahan v. Pena*, 2009 U.S. Dist. LEXIS 73131 (E.D.N.Y. 2009). A plaintiff lacks standing to sue for breach of contract when it plainly is not a party to that contractual agreement, and not an intended third-party beneficiary. *Id*; *see, e.g.*, *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 627 F. Supp. 1202, 1212 (S.D.N.Y. 1986), *aff'd*, 814 F.2d 90 (2d Cir. 1987) (stating that breach of contract may only be asserted by contracting party or third-party beneficiary); *see also*, *Wein v. Fensterstock*, 2004 U.S. Dist. LEXIS 21770 (S.D.N.Y. 2004).

As this Court has said, such claims fail as a matter of law; a plaintiff lacks standing to assert breach of contract because it is not a party to the agreement. *Prudential Ins. Co. of Am. v. Hildton Hotels Corp.*, 1996 U.S. Dist. LEXIS 8499, *16-17 (S.D.N.Y. 1996). Only parties to a contract have standing to assert a claim for breach of contract. *Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc.*, 2007 U.S. Dist. LEXIS 11346 (S.D.N.Y. 2007); *see, Clalit Health Servs. v. Isr. Humanitarian Found.*, 2003 U.S. Dist. LEXIS 17254 *3 (S.D.N.Y. 2003). Without a contractual relationship, there cannot be a contractual remedy. *Capital Nat. Bank of New York v. McDonald's Corp.*, 625 F. Supp. 874, 883 (S.D.N.Y. 1986).

In the instant matter, the only parties to the MSA are Sona Holdings and eBet. The revised second amended complaint clearly states, "[o]n August 25, 2008, Sona Holdings and eBet entered into the 'Master Services Agreement'…" Revised Second Amended Complaint, ¶ 23. As outlined above, absent a contractual relationship, there can be no claim for breach. On its face the revised second amended complaint admits Sona Mobile and Sona Innovations are not parties to the MSA and thus they cannot sue for breach of contract.

This Court faced a similar situation in *Prudential, supra*. There, plaintiff and defendants each were 50% owners of four joint venture agreements, each joint venture owning a Hilton hotel. *Prudential*, 1996 U.S. Dist. LEXIS *1. The Hilton defendants managed each hotel pursuant to four separate management agreements. *Id.* *1-2. Plaintiff Prudential was a party to the joint venture agreements, but not to the management agreements. Prudential instituted the action for, *inter alia*, breach of contract with respect to the management agreements. In granting Hilton's motion to dismiss, this Court stated that the claim failed as a matter of law because Prudential lacked standing as a non-party to any of the management agreements, this despite its being party to the joint venture agreements.

Likewise here, Sona Innovations and Sona Mobile are parties to the LDA but not to the MSA, upon which Sona Holdings asserts its dubious claims. Only Sona Holdings can press a claim (misguided though it may be) for breach of contract, and accordingly the Court should grant eBet's motion as to Sona Innovations and Sona Mobile, with prejudice.[3]

## CONCLUSION

The revised second amended complaint makes clear by its own terms that as a matter of law Plaintiffs have no arguable claims against Defendants, with the possible narrow exception of the disputed equipment lease reimbursements. Plaintiff, Sona Holdings, cannot sustain a claim for breach of the implied duty of good faith and fair dealing because that claim is pled and based entirely on the same allegations – and demanded with exactly the same damages, to the penny – as the breach of contract claim; to the extent it differs from the breach of contract claim, it is predicated on express terms of the contract, not an implied obligation, and as such must be excised. Second, the language of the MSA makes clear that Sona Holdings is entitled neither to employee costs nor the unspecified, undefined and amorphous "Chargeback Costs". Lastly, two of the three Plaintiffs have no standing to sue for anything at all related to the MSA because they are neither parties nor third-party beneficiaries. Accordingly, the eBet Defendants respectfully request an order granting the partial motion to dismiss, with prejudice, (1) dismissing the second cause of action, for breach of the implied duty of good faith and fair dealing as to Sona Holdings; (2) dismissing the first cause of action, for breach of contract, to the extent it seeks damages for anything other than those pursuant to Article 10 of the MSA, the Equipment Lease Reimbursement claim; (3) dismissing the revised second amended complaint in its entirety as to

---

[3] Sona Innovations and Sona Mobile are equally doomed to fail should they attempt to adopt third-party beneficiary status. While their revised second amended complaint makes fruitless attempts to identify themselves as such, they have failed to plead a claim in either cause of action as third-party beneficiaries. *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 627 F. Supp. 1202, 1212 (S.D.N.Y. 1986).

Sona Innovations and Sona Mobile; and, (4) for such other and further relief as the Court deems just and proper.

New York, New York
April 2, 2014

*[signature]*

Mark A. Beckman (MB 6750)
Robert Schumacher (*pro hac vice*)
Jennifer R. Budoff (JB 8967)
Gordon & Rees LLP
90 Broad Street
New York, NY  10024
(212) 269-5500
mbeckman@gordonrees.com
rschumacher@gordonrees.com

*Attorneys for Defendants eBet
Limited and eBet Services Pty, Ltd.*